**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NATIONSTAR MORTGAGE LLC**,

Plaintiff,

v.

**CYNTHIA FORNICOLA**, *et al.*,

Defendants.

Civil Action No. 25-1979 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Remand filed by Plaintiff Nationstar Mortgage LLC. ("Motion", ECF No. 6). In support of the Motion, Nationstar filed a Memorandum of Law. ("Moving Br.", ECF No. 6-5). *Pro se* Defendants Cynthia and John Fornicola filed two responses in opposition to the Motion. (ECF Nos. 11 and 12).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion and remand this matter to the Chancery Division of the Superior Court of New Jersey, Monmouth County.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Nationstar is a lender. Defendants are New Jersey residents. (ECF No. 1 at 2.) On or about July 30, 2024, Nationstar filed this residential mortgage foreclosure action ("State Foreclosure Action") against Defendants in the Chancery Division of the Superior Court of New

1

Jersey, Monmouth County. (ECF No. 6-3). Defendants were served with the Complaint on February 13, 2025. (ECF No. 6-4 at 2.) On March 20, 2025, Defendants removed this matter here.

## II.    SUBJECT MATTER JURISDICTION

Removing Defendants allege that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. (ECF No. 1 at 1–2.)

## III.    DISCUSSION

### A.    UNTIMELY REMOVAL

Defendants did not remove the State Foreclosure Action until after the required thirty-day period for removal had elapsed. They were served with the State Foreclosure Action on February 13, 2025, and they filed for removal on March 20, 2025, thirty-five days later. *See* 28 U.S.C. § 1446(b)(1) (providing that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

### B.    NO FEDERAL QUESTION JURISDICTION

Nationstar asserts no federal claims in the Complaint. It is well-settled law that a federal court cannot exercise subject-matter jurisdiction based upon any federal defenses, federal counterclaims, or federal issues outside of the complaint that are raised by a defendant who seeks to remove a state foreclosure action. *See Ocwen Loan Servicing, LLC v. Guarnieri*, No. 17-484, 2017 WL 924455, at *2–3 (D.N.J. Mar. 8, 2017) (remanding a foreclosure action that had been removed from state court for lack of federal question jurisdiction); *Pennymac Holdings, LLC v. Soriano*, No. 15-841, 2015 WL 5610983, at *1 (D.N.J. Sept. 23, 2015) (holding the same); *Flagstar Bank, FSB v. Culligan*, No. 15-385, 2015 WL 4724879, at *1 (D.N.J. Aug. 10, 2015) (holding the same); *Bank of N.Y. Mellon Corp. v. Fischer*, No. 15-1465, 2015 WL 4569077, at *1–2 (D.N.J. July 28, 2015) (holding the same).

Defendants argue that this matter involves federal statutes, including the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Uniform Commercial Code. These, however, are defenses and/or counterclaims. To permit federal defenses, federal counterclaims, or potential federal issues to give rise to federal removal jurisdiction "would undermine the clarity and simplicity of [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings." *Vaden v. Discover Bank*, 556 U.S. 49, 60–61 (2009); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002) (holding that a federal defense cannot establish federal jurisdiction, and also "declin[ing] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule' "). In fact, it would be vacatable error for the Court to exercise subject-matter jurisdiction over the State Foreclosure Action based on the arguments raised by Defendants concerning issues under federal law. *See Deutsche Bank Nat'l Trust Co. v. Harding*, 655 F. App'x. 113, 114–15 (3d Cir. 2016) (vacating a district court's grant of summary judgment for lack of subject matter jurisdiction in accordance with the well-pled complaint rule).

**C.  REMOVAL BASED ON DIVERSITY JURISDICTION IS BARRED BY THE FORUM DEFENDANT RULE**

As noted above, Defendants are New Jersey citizens. To the extent that the State Foreclosure Action attempts to remove this matter based upon diversity jurisdiction pursuant to 28 U.S.C. 1332(a), the removal is barred by the forum-defendant rule.[1] Under that rule, a civil action that is otherwise removable on the basis of diversity jurisdiction may not be removed if any

---

[1] Defendants also incorrectly state the citizenship of Nationstar based on its state of incorporation (Delaware) and its principal place of business (Texas). (ECF No. 1 at 2.) As a limited liability corporation, however, Nationstar's citizenship is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). If any member is itself a partnership, limited liability company, or other unincorporated association, its partners or members and their citizenship must be set forth separately. *See Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). On this record, the citizenship of Nationstar's member(s) is therefore unclear.

defendant is a citizen of the state in which that action has been brought. *See* 28 U.S.C. § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995) (stating "diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court").

### IV.    CONCLUSION

For the reasons set forth above, the Court will GRANT the Motion and order that this matter be remanded. An appropriate Order will follow.

Date: November 4, 2025

                                                     s/ Zahid N. Quraishi
                                                   **ZAHID N. QURAISHI**
                                                   **UNITED STATES DISTRICT JUDGE**